**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| THE ELIZABETH CONDOMINIUM ASSOCIATION, INC., *et al.*, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Case No. 8:25-CV-01019 |
| MONTGOMERY COUNTY, MARYLAND, | * * * | |
| Defendant. | * | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Montgomery County, Maryland, respectfully submits this notice of supplemental authority for the purpose of bringing to the Court's attention the recent decision of the District Court in *National Association of Home Builders of the United States, et al. v. Montgomery County, Maryland*, No. 8:24-cv-03024-PX, 2026 WL 817322 (D. Md. Mar. 25, 2026), which was decided after briefing was complete in the above captioned matter. There, the District Court rejected the EPCA preemption analysis of *California Restaurant Association v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024).

In *National Association of Homebuilders*, the District Court found that the EPCA did not preempt Montgomery County Bill 13-22, "Buildings–Comprehensive Building Decarbonization," which required the County Executive to promulgate new building codes and regulations requiring all-electric building standards for new construction within the County. 2026 WL 817322, at *1. The Court rejected the *Berkeley* analysis and "join[ed] several lower courts in adopting [Judge Friedland's] construction of the EPCA's preemption provisions." 2026 WL 817322, at *7; *see also Ass'n of Contracting Plumbers of the City of New York, Inc. v. City of New York*, 23-CV-11292, 2025 WL 843619 (S.D.N.Y. Mar. 18, 2025) (EPCA did not preempt prohibition on the use of fossil

fuels in new residential construction); *Mulhern Gas Co. v. Mosley*, 798 F. Supp. 3d 304 (N.D.N.Y. 2025) (EPCA did not preempt prohibition on the installation of fossil-fuel equipment and building systems in new construction); *Rinnai Am. Corp. v. S. Coast Air Quality Mgmt. Dist.*, No. CV 24-10482 PA (PDX), 2025 WL 2427844, at *1 (C.D. Cal. July 22, 2025) (EPCA did not preempt zero-nitrogen oxide emission standard for certain natural gas appliances). The Court found that Congress' intent in enacting the EPCA was to "preempt state energy efficiency standards, testing procedures, and consumer labeling requirements[,]" and the all-electric new construction requirement in Bill 13-22 "touches on none of those efficiency standards, consumer labeling, or testing procedures relevant to covered appliances." 2026 WL 817322, at *6.

A copy of the slip opinion is attached for convenience of the Court.

Respectfully submitted,

JOHN P. MARKOVS
COUNTY ATTORNEY

                /s/
Erin J. Ashbarry
Chief, Division of Government Operations
Federal Bar No. 26298
erin.ashbarry@montgomerycountymd.gov

                /s/
Kristen J. Nunley
Assistant County Attorney
Federal Bar No. 30964
kristen.nunley@montgomerycountymd.gov

                /s/
Jacquelyn P. Allen
Assistant County Attorney
Federal Bar No. 13460
jacquelyn.allen@montgomerycountymd.gov

Attorneys for Defendant
101 Monroe Street, Third Floor
Rockville, Maryland 20850
240-777-6700