### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

THE ELIZABETH CONDOMINIUM     *
ASSOCIATION, INC., *et al.*,

    *

        **Plaintiffs,**

    *        **Civ. No. DLB-25-1019**

**v.**

    *

**MONTGOMERY COUNTY, MARYLAND,**

    *

        **Defendant.**

### ORDER

The Elizabeth Condominium Association, Inc., Promenade Towers Mutual Housing Corporation, Maryland Building Industry Association, Inc., National Association of Home Builders of the United States, Restaurant Law Center, and Washington Gas Light Company seek a declaratory judgment that Montgomery County Bill 16-21 and the Building Energy Performance Standards, Regulation No. 17-23AM, COMCOR No. 18A.43A.01 (collectively, "Montgomery County BEPS") are preempted by the Energy Policy and Conservation Act, 42 U.S.C. § 6201 *et seq.* ("EPCA"). They also seek a permanent injunction enjoining enforcement of the Montgomery County BEPS. Currently pending before the Court are Montgomery County's motion to dismiss or, in the alternative, for summary judgment, ECF 20, and the plaintiffs' cross-motion for summary judgment, ECF 37. The motions are fully briefed. ECF 20-2, 37-1, 41, & 42.

This case is not the only EPCA preemption action in this district. Counsel for the plaintiffs also have brought EPCA preemption challenges, on behalf of their clients, to a Montgomery County bill that bans (with certain exceptions) the use of gas appliances in new construction, *see Nat'l Ass'n of Home Builders et al. v. Montgomery Cnty.*, No. PX-24-3024 ("*NAHB*"), and a State of Maryland regulation that sets greenhouse gas emissions standards for certain buildings in

Maryland, *see Md. Building Indus. Ass'n, Inc., et al. v. McIlwain*, No. DLB-25-113 ("*MBIA*"). On March 25, 2026, the Honorable Paula Xinis granted summary judgment to Montgomery County in *NAHB*, concluding EPCA did not preempt Montgomery County's gas ban. *See NAHB*, 2026 WL 817322, at *7 (D. Md. Mar. 25, 2026). And today, this Court granted the defendant's motion to dismiss in *MBIA*, concluding that EPCA did not preempt the state building regulation at issue there.

The issues in *NAHB* and *MBIA* overlap with the issues in this case. The parties have not had an opportunity to brief how the decisions in *NAHB* and *MBIA* may apply to this case. In addition, the plaintiffs in *NAHB* and *MBIA* may appeal those decisions to the U.S. Court of Appeals for the Fourth Circuit. Thus, in the interests of judicial economy, the Court STAYS this case pending a status call with the parties to discuss how the case should proceed. An on-the-record call is scheduled for May 4, 2026, at 9:30 a.m. Chambers will circulate the call-in information to counsel of record, and a public access line will be posted on the Court's website.

The parties are directed to meet and confer before the status call and to file a joint status report by May 1, 2026. In their joint status report, the parties shall inform the Court whether they want to submit supplemental briefing on the impact of *NAHB* and *MBIA* on this case. If so, the parties shall include a proposed briefing schedule. If the plaintiffs in *NAHB* or *MBIA* have noticed appeals in either of those cases, the parties shall inform the Court in their status report whether they consent to staying this case pending resolution of the appeal.

SO ORDERED this 31st day of March, 2026.

_____
Deborah L. Boardman
United States District Judge